# In the United States Court of Federal Claims

No. 18-592V
(Filed Under Seal: November 30, 2023)
(Reissued: December 18, 2023)[*]

**FOR PUBLICATION**

```
*************************************
RICHARD WHITE,                       *
                                     *
              Petitioner,            *
                                     *
v.                                   *
                                     *
SECRETARY OF HEALTH AND              *
HUMAN SERVICES,                      *
                                     *
              Respondent.            *
                                     *
*************************************
```

*Howard S. Gold*, Gold Law Firm, LLC, Wellesley, MA, for Petitioner.

*Alec Saxe*, Trial Attorney, Torts Branch, Civil Division, United States Department of Justice, Washington, D.C., for Respondent. With him on briefs were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, *C. Salvatore D'Alessio*, Director, *Heather L. Pearlman*, Deputy Director, and *Darryl R. Wishard*, Assistant Director, Torts Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

Petitioner Richard White, who experienced a variety of painful and debilitating symptoms after receiving an influenza vaccine in 2016, sought relief under the National Childhood Vaccine Injury Compensation Program. 42 U.S.C. §§ 300aa-10 to 34 ("Vaccine Act"). The Special Master found that Petitioner had not carried his burden to prove causation and denied recovery. *See* Entitlement Decision (ECF 86). Petitioner filed a motion for review, which has been fully briefed and argued.[1] The

---

[*] This Opinion was issued under seal on November 30, 2023. The parties were directed to propose redactions by December 14, 2023. No proposed redactions were submitted. The Court hereby releases publicly the Opinion and Order of November 30 in full.

[1] Petitioner's Mot. for Review ("Pet.'s Mot.") (ECF 90); Respondent's Mem. in Resp. to Pet.'s Mot. for Review ("Resp.'s Br.") (ECF 92).

Special Master's ultimate decision was not arbitrary and capricious, so the motion for review is **DENIED**.[2]

To obtain compensation under the Vaccine Act, a petitioner must prove that a vaccine caused an injury. *Althen v. Sec'y of Health & Hum. Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). There are two ways to show that a vaccine caused a given medical condition: (1) through "a statutorily-prescribed presumption of causation upon a showing that the injury falls under the Vaccine Injury Table ('Table injury')," *id.* (citing 42 U.S.C. § 300aa-14(a)), or (2) by proving causation in fact "where the complained-of injury is not listed in the Vaccine Injury Table ('off-Table injury')," *id.* (citing 42 U.S.C. §§ 300aa-13(a)(1), 300aa-11(c)(1)(C)(ii)(I)).

Petitioner characterizes his injuries as chronic inflammatory sensorimotor polyradiculopathy, or "CIS(M)P," which would be an off-Table injury. *See* 42 U.S.C. § 300aa-14(a); 42 C.F.R. § 100.3(a)(XIV). A petitioner must prove causation of off-Table injuries by preponderance of the evidence. *See, e.g., Hibbard v. Sec'y of Health & Hum. Servs.*, 698 F.3d 1355, 1366 (Fed. Cir. 2012); *Althen*, 418 F.3d at 1278. Causation of off-Table injuries has three elements: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen*, 418 F.3d at 1278. A petitioner must also show that he actually has whatever condition he claims the vaccine caused. *Hibbard*, 698 F.3d at 1364–65; *Broekelschen v. Sec'y of Health & Hum. Servs.*, 618 F.3d 1339, 1346 (Fed. Cir. 2010).[3]

The main question in the case is whether the evidence supports Petitioner's characterization of his injury. The Special Master concluded that it does not, *see* Entitlement Decision at 31–32, and I agree.

In finding that Petitioner had not shown that he has CIS(M)P, the Special Master applied the diagnostic criteria proposed in S. Ong & A. Cassidy, *Chronic Immune Sensory Polyradiculopathy*, 22 Practical Neurol. 57 (2022) ("Ong & Cassidy") (ECF 67-5). *See* Entitlement Decision at 32. Those criteria require (1) "sensory symptoms with a polyneuropathic distribution without weakness," (2) "[n]ormal motor and sensory nerve conduction and EMG studies," and (3) "[a]t least two of: Abnormal somatosensory evoked potential not due to CNS involvement[,] MR

---

[2] This Court has jurisdiction. *See* 42 U.S.C. §§ 300aa-11(c), 300aa-16(a). Petitioner timely moved for review. *See* 42 U.S.C. § 300aa-12(e)(1).

[3] The government can rebut proof of causation by showing, "also by a preponderance of evidence, that the injury was in fact caused by factors unrelated to the vaccine." *Althen*, 418 F.3d at 1278 (quoting *Knudsen v. Sec'y of Health & Hum. Servs.*, 35 F.3d 543, 547 (Fed. Cir. 1994)); *see* 42 U.S.C § 300aa-13(a)(1)(B).

imaging showing gadolinium enhancement or hypertrophy of the nerve roots, cauda equina or plexuses[,] and [e]levated CSF protein level with normal cell count." Ong & Cassidy at 58.[4] Petitioner's sole testifying expert, Dr. Jeffrey A. Rumbaugh, cited those same criteria. *See* Expert Report of Dr. Rumbaugh ("Rumbaugh Report") at 4 (ECF 61-1); Hr'g Tr. at 62–63 (ECF 83).

But it is undisputed that Petitioner does not meet the Ong & Cassidy criteria. Dr. Rumbaugh admitted that Petitioner experienced weakness, Hr'g Tr. at 66–67, and the Special Master thus found that the first Ong & Cassidy criterion was not met. Entitlement Decision at 32. Although Petitioner may have elevated CSF protein levels, *id.*, Dr. Rumbaugh also admitted that Petitioner does not have abnormal somatosensory evoked potential not due to CNS involvement, nor MRI imaging showing gadolinium enhancement or hypertrophy of the nerve roots, cauda equina or plexuses, *id.*; Hr'g Tr. at 67–68, meaning that the third Ong & Cassidy criterion is unmet too. Petitioner's counsel in fact conceded at the hearing in this Court that Petitioner cannot satisfy the Ong & Cassidy criteria.

Dr. Rumbaugh and at least some of Petitioner's treating physicians nonetheless believe that Petitioner has CIS(M)P. Petitioner argues that the Special Master should have adopted their opinions. But those doctors seem to have applied diagnostic standards somewhat different from Ong & Cassidy's. *Compare* Rumbaugh Report at 4, Pet.'s Ex. 20 at 82 (ECF 58-1); Pet.'s Ex. 21 at 59 (ECF 66-1), *with* Ong & Cassidy at 58. Petitioner does not develop any medical explanation or legal argument for why the Special Master erred in choosing one set of criteria over other. Even if the alternative standards have merit, there is not enough evidence in the record to override the Special Master's choice.

At most, Petitioner argues that the Special Master should have deferred to Petitioner's treating physicians. The views of treating physicians often do carry special weight. *See, e.g.*, *Andreu ex rel. Andreu v. Sec'y of Dep't of Health & Hum. Servs.*, 569 F.3d 1367, 1375–76 (Fed. Cir. 2009). But there is no presumption that they are correct. *See* 42 U.S.C. § 300aa-13(b)(1) (providing that although the special master and this Court must consider "any diagnosis, conclusion, [or] medical judgment … which is contained in the record regarding the nature, causation, and aggravation of the petitioner's illness … [a]ny such diagnosis, conclusion, judgment, test result, report, or summary shall not be binding on the special master or court"); *see also Temes v. Sec'y of Health & Hum. Servs.*, 151 Fed. Cl. 448, 464 (2020); *Hopkins*

---

[4] The parties do not explain what the medical terms in the Ong & Cassidy criteria mean. If there were a dispute in this case about whether the criteria were met or whether other criteria should be substituted, that omission might have been important. But as discussed below, Petitioner has not presented enough evidence or argumentation to raise such a dispute.

*v. Sec'y of Dep't of Health & Hum. Servs.*, 62 Fed. Cl. 333, 335 (2004); *Fricano v. United States*, 22 Cl. Ct. 796, 803–04 (1991). In addition, while it often makes sense to defer to a treating physician's knowledge of a patient's physical condition, *see, e.g.*, *Capizzano v. Sec'y of Health & Hum. Servs.*, 440 F.3d 1317, 1326 (Fed. Cir. 2006), it does not necessarily follow that a treating physician has special insight into defining illnesses and their diagnostic criteria. *Cf. Nutall v. Sec'y of Health and Hum. Servs.*, 122 Fed. Cl. 821, 832–33 (2015) ("[T]here is nothing talismanic about treating a patient that affords special weight to a doctor's opinion when the treating physician has no particular informational or other advantage over other experts who relied upon the same evidence."). The Vaccine Act gives the special masters authority in each case to weigh different sources of medical evidence.

That is enough to resolve Petitioner's motion for review. The Special Master adopted diagnostic criteria that undisputedly fail to support Petitioner's characterization of his condition. Nothing in Petitioner's argument disturbs the Special Master's adoption of those criteria. And because Petitioner has not established the nature of his condition in the first place, his efforts to show that his condition was connected to his vaccine all collapse.

I therefore find it unnecessary to address most of the parties' other arguments about the Special Master's decision. Any errors in the Special Master's reasoning — if there are errors at all — are harmless. *Bello v. Sec'y of Health & Hum. Servs.*, 167 Fed. Cl. 517, 524 (2023) (citing *Cedillo v. Sec'y of Health & Hum. Servs.*, 617 F.3d 1328, 1343 (Fed. Cir. 2010); *Hines on Behalf of Sevier v. Sec'y of Dep't of Health & Hum. Servs.*, 940 F.2d 1518, 1526–27 (Fed. Cir. 1991); *A.Y. by J.Y. v. Sec'y of Health & Hum. Servs.*, 152 Fed. Cl. 588, 599 (2021); *Johnson v. Sec'y of Health and Hum. Servs.*, 33 Fed. Cl. 712, 728–29 (1995); *Cox v. Sec'y of Dept. of Health & Hum. Servs.*, 30 Fed. Cl. 136, 142–45 (1993)).

## CONCLUSION

For the foregoing reasons, Petitioner's motion for review is **DENIED**. The decision of the Special Master is **SUSTAINED**. Petitioner's motion to strike (ECF 89), which seeks removal of a misfiled document (ECF 88), is **GRANTED**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

                                                        s/ Stephen S. Schwartz
                                                        STEPHEN S. SCHWARTZ
                                                        Judge