# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0592V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| RICHARD L. WHITE, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: June 10, 2024 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Howard S. Gold*, Gold Law Firm, Wellesley, MA, for Petitioner.

*Alec Saxe,* U.S. Department of Justice, Washington, DC, for Respondent.

### **DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On April 25, 2018, Richard White filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"). [2] Petitioner alleged that he suffered Guillain-Barré syndrome as a result of an influenza vaccine he received on October 12, 2016. Petition (ECF No. 1) at 1. Petitioner later clarified his claim, alleging that he had experienced a variant form of chronic inflammatory demyelinating polyneuropathy. An entitlement hearing in the matter was held on September 16, 2022, in Washington, D.C. I denied entitlement on August 4, 2023. *See* Decision, dated Aug. 4, 2024 (ECF No.86). Petitioner moved for review of my decision (ECF No. 88), but the motion was denied (ECF No. 95).

Petitioner previously obtained an interim award of attorney's fees and costs in December 2023. Decision—Interim Attorney's Fees and Costs, dated Dec. 15, 2023 (ECF No. 98). Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated May 15, 2024

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

(ECF No. 103) ("Final Fees Mot."). Petitioner now requests a total of $15,742.45, reflecting $15,484.65 in additional fees incurred for the services of Howard S. Gold and paralegals, plus $257.80 in costs. Final Fees Mot. at 6, 7. Respondent reacted to the final fees request on May 29, 2024. Response, dated May 29, 2024 (ECF No. 104) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3. Petitioner did not file a Reply.

## ANALYSIS

**I.      Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v.*

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

*Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although Petitioner's claim was ultimately unsuccessful, I find it possessed more than sufficient objective basis to entitle him to a fees and costs award. In particular, while I found that Petitioner had not established the specific diagnosis his expert asserted, or that Petitioner's symptoms were likely vaccine-caused, Petitioner did present objective evidence from the record supporting his contentions and pertaining to his demonstrated health history. Accordingly (and because I find no other reason to deny fees despite the claim's disposition), a final award of fees and costs in this matter is appropriate.

## II. Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and paralegals, based on the years

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

work was performed:

|  | **2023** |
|---|---|
| **Howard S. Gold (Attorney)** | $447.00 |
| **Tave McGrath (Paralegal)** | $150.00 |
| **Julianne Swiecizki (Paralegal)** | $150.00 |

Final Fees Mot. at 6.

As I previously determined in this matter, Mr. Gold practices in the Boston, MA, region — a jurisdiction that has been recognized as in forum, entitling him to commensurate rates established in *McCulloch*. *See Cohen v. Sec'y of Health & Hum. Servs.*, No. 17-406V, 2019 WL 1502497 (Fed. Cl. Spec. Mstr. Mar. 13, 2019). The rates requested for Mr. Gold and his paralegals for 2023 are also consistent with what has previously been awarded for their time, in accordance with the Office of Special Masters' fee schedule.[5] *See White v. Sec'y of Health & Hum. Servs.*, No. 18-592V, 2023 WL 9181287, at *3 (Fed. Cl. Spec. Mstr. Dec. 15, 2023). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter (which largely pertains to work performed since my earlier fees determination) to be reasonable. I will therefore award all fees requested without adjustment.

### III.    Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $257.80 in outstanding costs, including travel costs associated with oral argument for the unsuccessful motion for review. Final Fees Mot. at 7. Such costs are typical in Program cases, were reasonably incurred in this matter, and are thus eligible for reimbursement.

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited June 10, 2024).

Accordingly, all requested litigation-related costs shall be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of final fees award, I **GRANT** Petitioner's Motion for Final Attorneys' Fees and Costs. I award a total of **$15,742.45**, reflecting $15,484.65 in fees and $257.80 in costs, in the form of a check made jointly payable to Petitioner and Petitioner's counsel, Howard S. Gold. Petitioner also requests that the check be forwarded to Gold Law Firm, LLC, One Hollis Street, Suite 220, Wellesley, MA 02482.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.